**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| AZANIAH BLANKUMSEE | * | |
| Petitioner | * | |
| v. | * | Civil Action No. PWG-18-2110 |
| RICKY FOXWELL, Warden at ECI and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND | * * | |
| Respondents | * | |

\*\*\*

## MEMORANDUM OPINION AND ORDER

Pending is Azaniah Blankumsee's pro se Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Blankumsee is challenging the sentence imposed in the Circuit Court for Washington County for first-degree assault. ECF No. 1 at 1–2. Respondents have filed an Answer seeking dismissal of the Petition on the basis that it is a second or successive petition, is premised on a mistake of fact, and fails to state a cognizable claim for federal habeas relief. ECF No. 5 at 3–5. Blankumsee filed a Reply and two supplements. ECF Nos. 6, 7, 8.

There is no need for an evidentiary hearing. *See* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts; *see also* 28 U.S.C. § 2254(e)(2). For reasons set forth below, the Petition will be dismissed without prejudice for lack of jurisdiction.

### CLAIM PRESENTED

On July 9, 2018, Blankumsee filed this Petition, presenting the following claim: "[o]n February 9, 2018, Petitioner was resentenced to 15 years on count 41 to begin/start 5/26/2004;

that court also ran that count consecutive to begin/start 5/26/2034; this sentence is illegal and inconsistent."[1] ECF No. 1 at 5.

## BACKGROUND

On December 3, 2004, Blankumsee was convicted of felony murder, attempted second-degree murder, armed robbery, first degree assault, reckless endangerment, and handgun offenses. ECF No. 5-1 at 108. This Petition for federal habeas relief challenges the sentence imposed on Count 41 for the first-degree assault on Terry McKendrick on March 13, 2004. *State v. Blankumsee*, Case No. 21-K-04-034142 (Cir. Ct. Wash. Cty. December 3, 2004). ECF No. 1 at 4-6; ECF No. 5-1 at 105.

The Court of Special Appeals of Maryland in *Blankumsee v. State of Maryland*, No. 2841, Sept. Term, 2004, slip op. at 14 (Md. Ct. Spec. App., Aug. 8, 2006) summarized Blankumsee's convictions and the sentences imposed by the trial court as follows:

> [Blankumsee] was convicted by a jury in the Circuit Court for Washington County of armed robbery of Andrew Snyder; felony murder of Jonathan Dennis; attempted second-degree murder of Jonathan Dennis; first-degree assault on Jonathan Dennis; plus twenty-four other crimes, including attempted second-degree murder of several other persons and use of a handgun in the commission of a crime of violence. Blankumsee received a life sentence for his felony murder conviction; he received no sentence for his conviction of the armed robbery of Andrew Snyder because the sentencing judge found "under the principles of merger or lenity … this was the underlying felony for felony murder purposes." For attempted second-degree murder of Jonathan Dennis Blankumsee received a sentence of thirty years to run concurrently with the life sentence imposed in the felony murder. The conviction of first-degree assault upon Jonathan Dennis resulted in "no separate sentence under the principles of merger … and/or lenity." Sentences for the other twenty-four convictions were either merged for the

---

[1] The Petition also suggests that Blankumsee may be challenging a sentence imposed on February 8, 2007. ECF No. 1 at 1. I previously denied as time-barred Blankumsee's § 2254 Petition challenging his convictions from 2004 in *Blankumsee v. Graham, et al.,* Civil Action No. PWG-16-3436 (D. Md. 2019). To the extent Blankumsee is challenging here, the same judgment that was the subject of his earlier § 2254 petition a second or successive petition must be dismissed in the absence of prefiling authorization from the court of appeals. 28 U.S.C. §2244(b)(3)(A), *see infra* pp. 6-7.

purposes of sentences or were to run concurrently with the other sentences imposed.

ECF No. 5-1 at 131.

Relevant to Count 41, the Court of Special Appeals decision states that Terry McKendrick went to sleep at a party on the evening of March 13, 2004, and when he awoke, saw Blankumsee was pointing a handgun at his face. After fifteen or twenty seconds passed,

> McKendrick, who was scared, sat up and asked appellant, "Are you guys cool?" He then asked to see the handgun. Surprisingly, [Blankumsee] showed it to him.
>
> Fifteen to twenty minutes later, more trouble erupted when [Blankumsee] hit McKendrick in the face with his fists and then struck two of McKendrick's friends. Shortly thereafter, [Blankumsee], accompanied by some of his cohorts, left the apartment. The police were then called.

ECF No. 5-1 at 132

On February 16, 2005, the Circuit Court sentenced Blankumsee on Count 41[2] to a 15-year term of incarceration, consecutive to all other sentences imposed in the case. February 16, 2005 Sentencing Transcript, ECF No 5-2 at 30; ECF 5-1 at 48. The sentencing judge pronounced sentence as to the first degree assault on Terry McKendrick as: "15 years Maryland Division of Corrections, consecutive to the last to expire of the foregoing sentences." ECF No. 5-2 at 30. The commitment record accurately recorded the 15-year length of the sentence, but inaccurately specified that it was to run consecutively only to Count 1 (first-degree felony murder), rather than all the sentences imposed collectively, as the court had pronounced from the bench. ECF No. 5-1 at 118.

---

[2] Blankumsee was also convicted under Count 25 of a second count of first-degree assault against McKendrick. ECF No. 5-2 at 100. The trial court imposed no sentence under state-law principles of sentencing merger. February 16, 2005 transcript. ECF No. 5-2 at 29; ECF No. 5-2 at 100.

The first amended commitment record on February 24, 2005, corrected this mistake to clarify that the 15-year sentence on Count 41 was to run "consecutive to the last to expire of the foregoing sentences." *Id*. at 127. Both the original and first-amended commitment records accurately stated that the "total sentence" on all counts which, at that time, was life plus 15 years, began on May 26, 2004, a date that accounted for the 266 days that Blankumsee had spent in pretrial detention. *Id*. at 112, 118.

Blankumsee appealed his judgment of conviction. On August 8, 2006, the Court of Special Appeals vacated Blankumsee's felony murder conviction and sentence, affirmed his other convictions, and remanded the case for resentencing "as to all counts where the court declined to impose a sentence because the defendant had already been sentenced for felony murder." ECF No. 5-1 at 144, *Blankumsee v. State*, No. 2841, Sept. Term, 2004, slip op. at 14 (Md. Ct. Spec. App., Aug. 8, 2006).

On February 9, 2007, the Circuit Court resentenced Blankumsee to an aggregate 45-year term of imprisonment. (ECF No. 5-1 at 52, 145).[3] Consonant with the Court of Special Appeals' decision, which affirmed the judgment of conviction as to all counts upon which the court had actually imposed sentence (except felony murder), Blankumsee's sentence with respect to Count 41 was unchanged. *Id*. at 56. The second-amended commitment record that issued, however, failed to record that fact or any sentencing information about Count 41. *Id.* at 148.

A third-amended commitment record was issued on August 24, 2007. It memorialized the sentence on Count 41, which was unaltered at the 2007 resentencing hearing. *Id*. at 153 (recording the 15-year sentence in Count 41 as "consecutive to the . . . last to expire of [the]

---

[3] There is no existing transcript of the 2007 sentencing hearing. ECF No. 5 n. 3, 6.

foregoing sentences"). The third-amended commitment record accurately recorded the "total time to be served" on all counts was to begin on May 26, 2004, a date that accounted for the 989 days of time served. *Id*. at 153.⁴

On September 21, 2011, a commitment-record specialist with the Maryland Department of Public Safety and Correctional Services wrote to the clerk of the trial court with questions about the third-amended commitment record as to sentences on counts other than the one imposed under Count 41. *Id*. at 156. A fourth amended and a fifth amended commitment record followed on October 3, and 11, 2011, respectively. *Id.* at 157–170. Neither amended commitment record changed the sentence on Count 41 or the start date of his term of confinement as, May 26, 2004. *Id.* at 161, 168.⁷

On April 5, 2013, Blankumsee filed a Motion to Correct an Illegal Sentence with respect to Count 41, which the Circuit Court denied on May 8, 2013. *Id*. at 74, 171–78. Blankumsee challenged the denial of his Motion to Correct an Illegal Sentence in the Court of Special Appeals, asserting "that the two first-degree assaults upon McKendrick constitute[d] one single 'transaction,' so that the trial court illegally imposed multiple sentences for a single continuing offense" in violation of the Double Jeopardy Clause of the Fifth Amendment. Notably, he did not claim the starting date of his term of confinement was incorrect. *Id.* at 183.

The Court of Special Appeals denied Blankumsee's Motion, stating:

> holding a gun to the head of McKendrick inside of the apartment constituted an independent crime for which he was charged and prosecuted [under Count 41]. For the separate act that took place much later, when [Blankumsee] fired his gun toward a large group of people outside, [Blankumsee] was charged with the primary offense of attempted second-

---

⁴ Respondents posit the fifth amended commitment record seems to have issued to correct the fourth amended commitment record's failure to specify the total time to be served, which is 45 years. ECF No. 5-1 at 161, 168.

5

>degree murder, and first-degree assault was charged as a part of this greater crime [under Count 25]. During sentencing, the judge properly merged this [latter] assault into attempted murder.  Because [Blankumsee]'s two acts of first-degree assault upon McKendrick were based on distinct acts, separated by both time and geography, one was not a lesser-included offense of the other, and merger was not required. Therefore, the [trial] court did not err by denying [Blankumsee]'s motion to correct an illegal sentence.

*Id*. at 184-85.  The Court of Appeals of Maryland declined Blankumsee's subsequent Petition for Writ of Certiorari.  *Id*. at 76.

Between 2012 and 2018, Blankumsee filed a host of unsuccessful motions for leniency, drug treatment, mental health treatment, and state post conviction relief.  ECF 5 at 71–86. During this period, the Circuit Court entered two confirmatory orders, the first on October 10, 2014, and second on August 23, 2017, which stated "the sentence remains as originally ordered." *Id.* at 187, 188.

On October 11, 2016, Blankumsee filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his 2004 convictions, which was dismissed as time-barred. *Blankumsee v. Graham, et al.,* Civil Action No. PWG-16-3436 (D. Md. 2019).

## DISCUSSION

Under 28 U.S.C. § 2244, a petitioner may only file a second or successive habeas corpus petition if he has first moved the appropriate circuit court for an order authorizing the district court to consider his application.  *See* 28 U.S.C. § 2244(b)(3); *Felker v. Turpin,* 83 F.3d 1303, 1305–07 (11th Cir. 1996).  However, a federal habeas petition is not a second or successive petition, if, after an initial federal habeas petition is filed, a state court imposes a new, corrective sentence on the original conviction.  *See Magwood v Patterson*, 561 U.S. 320, 323 (2010); *In re Gray*, 850 F.3d 139, 143 (4th Cir. 2017) (discussing same).

6

The record shows that Blankumsee's sentence on Count 41 remains the same as when it was first pronounced by the trial court in 2005 and affirmed by the Court of Special Appeals in 2006: a 15-year term of imprisonment to run consecutively to all other sentences imposed in this case, the first of which commenced on May 26, 2004. In his Reply, Blankumsee argues his sentences are ambiguous because even a state commitment specialist "was confused and believed greater clarification was necessary." ECF No. 6 at 2.[5] Blankumsee, however, provides no evidence to show he was resentenced in 2018, or to substantiate his claim the start date for his sentence was changed. There is no new judgment of conviction for federal habeas review, making the instant petition successive.

Before a district court may consider a second or successive § 2254 petition, the United States Court of Appeals for the Fourth Circuit must enter an order authorizing the court to do so. *See* 28 U.S.C. §2244(b)(3)(A); *see also In re Vial*, 115 F.3d 1192, 1197–98 (4th Cir. 1997). Blankumsee does not assert he has obtained such prefiling authorization. Accordingly, the Petition will be dismissed without prejudice for lack of jurisdiction.

The United States Court of Appeals for the Fourth Circuit has set forth instructions to obtain the aforementioned authorization Order. The procedural requirements and deadlines are extensive. Consequently, this Court has attached hereto a packet of instructions promulgated by

---

[5] Even if this Petition were to have proceeded to substantive review, it fails to state a cognizable federal claim for habeas review. In order for a claim to be cognizable on § 2254 review, a petitioner must assert a violation of federal statutory law or of the United States Constitution. *See Wilson v. Corcoran*, 562 U.S. 1, 1 (2010); *Larry v. Branker,* 552 F.3d 356, 368 (4th Cir. 2009); *see also* 28 U.S.C. § 2254(a) (The habeas statute provides that a district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."). The recordation of a sentence's start date is a ministerial matter of state law. *Krempa v. Parrish*, DKC-12-841, 2012 WL 6738287, at *6 (D. Md., Dec. 27, 2012) ("Sentence calculation and/or construction issues generally are issues of state law and do not give rise to a federal question.") (citing *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (stating that "it is not the province of a federal habeas corpus court to reexamine state court determinations on state law questions")).

the Fourth Circuit which addresses the comprehensive procedure to be followed should Blankumsee wish to seek authorization to file a successive petition. Blankumsee must file the request for authorization with the Fourth Circuit and obtain authorization to file his successive petition before this court may examine his claims.

## CERTIFICATE OF APPEALABILITY

When a district court dismisses a habeas petition solely on procedural grounds, a Certificate of Appealability will not issue unless a petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The denial of a Certificate of Appealability does not preclude a petitioner from seeking permission to file a successive petition or from pursuing his claims upon receiving such permission. Because Petitioner has not made a substantial showing of the denial of his constitutional rights, this Court will not issue a Certificate of Appealability.

## CONCLUSION

For the reasons set forth in this Memorandum Opinion, Blankumee's Petition is dismissed without prejudice for lack of jurisdiction. The Court declines to issue a Certificate of Appealability.

**ORDER**

For the reasons stated in the foregoing Memorandum Opinion, it is this 22nd day of May, 2020, by the United States District Court for the District of Maryland, hereby ordered:

1. The Petition for Writ of Habeas Corpus IS DISMISSED WITHOUT PREJUDICE as a second or successive writ;

2. A Certificate of Appealability SHALL NOT ISSUE;

3. The Clerk MAIL a copy of this Order, the Memorandum Opinion, and the instructions and form packet for filing a motion under 28 U.S.C. §2244 (authorization of District Court to consider second or successive application for relief) to Petitioner; and

4. The Clerk shall CLOSE this case.

\_\_\_\_/S/_____
Paul W. Grimm
United States District Judge